UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYFIELD JOSEPH THIBEAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2226-RWS |
| | ) | |
| REBEKAH E. GEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Rayfield J. Thibeaux for leave to proceed in forma pauperis. Having reviewed the financial information submitted in support of the motion, the Court has determined that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. In addition, the Court has reviewed the complaint, and has determined that it is frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.*

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**Discussion**

Plaintiff brings this action against Rebekah E. Gee, whom plaintiff alleges is the Secretary of the Louisiana Department of Health and Hospitals. Plaintiff alleges that, while he was an inmate at the Dixon Correctional Institute in Louisiana in the early 1980s, a monitoring device was implanted in his rectum. Plaintiff describes the construction of the device, and alleges it is a modified version of a telemedicine instrumentation pack used to monitor an astronaut's health in space. Plaintiff alleges that the device is being used to monitor him, and whatever happened at Dixon is now in the hands of the public.[1] As relief, plaintiff asks the Court to enter an order releasing him from the monitoring system.

The Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. The Court therefore concludes that this action is factually frivolous, and will dismiss it as such. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice because it is factually frivolous. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel (Docket No. 2), the motion for court-ordered protective service (Docket No. 5), the motion for emergency intervention (Docket No. 9) and the motion to amend emergency intervention request (Docket No. 10) are **DENIED** as moot.

---

[1] This is the second time plaintiff has attempted to bring this claim against Ms. Gee. *See Thibeaux v. Gee*, Case No. 4:17-cv-754-HEA (E.D. Mo. Aug. 23, 2017).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of September, 2017.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE